**Eric B. Swartz, ISB #6396**
**JONES & SWARTZ PLLC**
**Landmark Legal Group™**
623 West Hays Street
Boise, ID  83702
Telephone:  (208) 489-8989
Facsimile:  (208) 489-8988
Email:  eric@jonesandswartzlaw.com

*Attorneys for National Housecheck Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN CHURCHMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL HOUSECHECK CORPORATION, INC. an Idaho Business Corporation,<br><br>Defendant. | Case No. 1:20-cv-560<br><br>**MEMORANDUM IN SUPPORT OF NON-PARTY NATIONAL HOUSECHECK CORPORATION'S MOTION TO DISMISS OR QUASH SERVICE AND AWARD OF ATTORNEY FEES AND COSTS** |

**I.**

**INTRODUCTION**

Non-Party, National Housecheck Corporation, is a Delaware corporation and has been served with a summons and complaint directed to National Housecheck Corporation, Inc., an Idaho Business Corporation.  While likely a misnomer, it is not an insignificant misnomer.  If it is a misnomer, non-party National Housecheck Corporation has neither been named in the lawsuit nor been served with a summons bearing its name.  As such, this Court lacks personal jurisdiction over

non-party National Housecheck Corporation and non-party National Housecheck Corporation's motion to dismiss must be granted or service on National Housecheck Corporation quashed.

## II.

## ARGUMENT

Why Plaintiff's counsel misnamed the Defendant is not known. The Idaho Secretary of State has no evidence of the named Defendant's existence. But, Plaintiff's counsel had every opportunity to correct the misnomer and chose instead to force the filing of this motion.

**A.     The Court Must Grant the Motion to Dismiss or Quash Service**

Plaintiff counsel's refusal to correct an error they acknowledge needs correction is inexplicable. But, this Court is constrained by the pleadings of record and the law and must grant non-party National Housecheck Corporation's motion to dismiss or, alternatively, quash service.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988); brackets original. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc*., 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999)). Mere notice of a lawsuit "is immaterial because knowledge of a lawsuit does not equate to proper, required service." *Devaney v. Quality Loan Serv. Corp*., No. 2:19-cv-00972-RFB-EJY, 2019 U.S. Dist. LEXIS 225282, at *3-7 (D. Nev. Oct. 28, 2019) citing *Pinkney v. Am. Med. Response, Inc*., No. 2:08-cv-01257-RLH-GWF, 2009 WL 10693602, *2 (D. Nev. Aug. 7, 2009) ("actual knowledge of a lawsuit will not suffice for proper service of process, and . . . actual appointment to receive process is generally necessary").

"Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1353.  "In cases like this one, where the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or under Rule 12(b)(5) on the ground that the wrong party - a party not named in the summons - has been served." *Id*.

"Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity."  *Denson v. Lucas*, No. 2:10-cv-525-APG-VCF, 2013 U.S. Dist. LEXIS 99437, at *4 (D. Nev. July 8, 2013) citing *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005) (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc*., 988 F.2d 476, 488 (3d Cir. 1993)).  "If service of process is insufficient, the Court has discretion to dismiss an action or simply quash service." *Denson*, No. 2:10-cv-525-APG-VCF, 2013 U.S. Dist. LEXIS 99437, at *5 citing *SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("the choice between dismissal and quashing service of process is in the district court's discretion")).

In this instance, the Complaint at issue and summonses issued thereon do not name non-party National Housecheck Corporation, a Delaware corporation.   National Housecheck Corporation is not a Defendant and attempted service on its registered agent is insufficient to make it a Defendant.  And, the registered agent for National Housecheck Corporation is not appointed

to accept service on behalf of Defendant National Housecheck Corporation, Inc., an Idaho business corporation, which renders the service at issue ineffective.

The case of *Bailey v. AT&T Corp./Headquarters* illustrates the significance of the facts at issue in the present case.  In *Bailey*, the non-party filed a motion to dismiss arguing that the Plaintiff named the non-existent entity, "AT&T Corporate/Headquarters" as the defendant in her complaint and summons, but went on to serve the correct entity.  *Bailey v. AT&T Corp./Headquarters*, No. 3:16-CV-1464-B, 2017 U.S. Dist. LEXIS 47496, at *3-4 (N.D. Tex. Mar. 29, 2017).  The non-party's motion to dismiss argued that the discrepancy between naming the incorrect party, but serving the correct party indicates that this Court lacks personal jurisdiction over Defendant, and Plaintiff's claims should be dismissed.  *Id*.  The Plaintiff failed to meet their burden of showing proper service, and the *Bailey* Court agreed with the non-party movant.  Ultimately, in exercising its discretion to dismiss or quash service, the *Bailey* Court took into account the Plaintiff's *pro se* status, the Plaintiff's apparent good faith, and the apparent lack of harm in allowing the complaint to be amended.  *Id*. at *5-6.

There are two notable distinctions between the present action and *Bailey*.  First, the plaintiff in the present action is represented by Counsel.  Additionally, Plaintiff's counsel in the present action was made aware of their errors in advance of the non-party movant filing the present motion.

Plaintiff's process server identified a possible misnomer of the Defendant named in the Plaintiff's Complaint as early as December 22, 2020:

> Received by Tri-County Process Serving LLC on December 14, 2020 to be served on **NATIONAL HOUSECHECK CORPORATION, INC., CORRECTLY KNOWN AS NATIONAL HOUSECHECK CORPORATION**.

(December 22, 2020, Declaration of Service [DN 3]).

Despite the process server alerting Plaintiff's counsel to the misnomer, Plaintiff's counsel did nothing to correct it.

Assuming the error in Plaintiff's complaint was a misnomer, the undersigned alerted Plaintiff's counsel to misnomer on January 19, 2021:

> **From:** Eric Swartz <eric@jonesandswartzlaw.com>
> **Sent:** Tuesday, January 19, 2021 4:06 PM
> **To:** Vaughn Fisher <vaughn@fisherhudson.com>
> **Subject:** RE: Churchman
>
> Vaughn:
>
> HouseCheck has officially retained me for the litigation. The complaint you all filed mis-names HouseCheck as National HouseCheck Corporation, Inc., an Idaho corp. No such entity exists.
>
> Instead of wasting time and resources filing a motion challenging the mis-naming of HouseCheck, I wanted to give you all the opportunity to fix the complaint voluntarily and before I appear. The correct name is National HouseCheck Corporation, a Delaware company.
>
> If you'd prefer that I appear and file a motion challenging the mis-naming of HouseCheck, let me know. Otherwise, I will be standing by for a copy the corrected complaint and summons which I can accept on HouseCheck's behalf. Thank you.
>
> Regards,
>
>
> Eric B. Swartz
> Jones & Swartz PLLC
> Landmark Legal Group™
> 623 W. Hays St.
> Boise, ID 83702
> Ph. (208) 489-8989
> Fax (208) 489-8988
> www.jonesandswartzlaw.com

(Ex. A to Declaration of Counsel for National Housecheck Corporation).

The same day, Plaintiff's counsel acknowledged the misnomer and the need to correct it:

> **From:** Vaughn Fisher <vaughn@fisherhudson.com>
> **Sent:** Tuesday, January 19, 2021 5:13 PM
> **To:** Eric Swartz <eric@jonesandswartzlaw.com>
> **Subject:** RE: Churchman
>
> Thanks for the email Eric.
>
> The most common way to address an issue like this is to substitute in the real party in interest, which is ultimately what the court will do.  See Rule 17(a)(3), which prohibits dismissal.
>
> Since the relief your client would get from filing a motion would simply be the naming of the real party in interest, then I will just agree to stipulate to it.  I will prepare one tomorrow, thereby obviating the necessity of filing a new complaint.
>
> Vaughn

(Ex. A to Declaration of Counsel for National Housecheck Corporation).

The very same day, Plaintiff's counsel was advised that his proposal for a Rule 17(a)(3) stipulation was not the proper procedure and that amending the complaint before an appearance would obviate otherwise unnecessary motion practice:

> **From:** Eric Swartz <eric@jonesandswartzlaw.com>
> **Sent:** Tuesday, January 19, 2021 5:56 PM
> **To:** Vaughn Fisher <vaughn@fisherhudson.com>
> **Subject:** RE: Churchman
>
> Vaughn:
>
> Rule 17(a)(3) governs the real party in interest <u>prosecuting</u> the case.  I don't think it applies to defendant.  Also, I cannot sign a stipulation as, technically, my client has not been served due to the misnaming of the defendant and I cannot appear on behalf of the misnamed company.
>
> If I have to appear, it will be by motion challenging service of process.  That will be granted unless you file a motion for leave to amend which you will and which the court will grant.  I was, and still am, trying to save time and hassle of otherwise unnecessary motions and allowing you opportunity to amend.  But, I do believe an amended complaint needs to be filed and a new summons issued.

    Regards,

    Eric B. Swartz
    Jones & Swartz PLLC
    Landmark Legal Group™
    623 W. Hays St.
    Boise, ID 83702
    Ph. (208) 489-8989
    Fax (208) 489-8988
    www.jonesandswartzlaw.com

(Ex. A to Declaration of Counsel for National Housecheck Corporation; underlining original).

The day after counsel for non-party National Housecheck Corporation asked to avoid unnecessary motion practice for a second time, Plaintiff's counsel emailed demanding that counsel for non-party National Housecheck Corporation appear or have default taken against it:

> **From:** Vaughn Fisher <vaughn@fisherhudson.com>
> **Sent:** Wednesday, January 20, 2021 4:14 PM
> **To:** Eric Swartz <eric@jonesandswartzlaw.com>
> **Cc:** Chris Brown <chris@fisherhudson.com>
> **Subject:** RE: Churchman
>
> Dear Eric –
>
>     Regardless, there is no reason to waste another 30 days.  Of course the jurisdictional genesis of your client's existence may be corrected by stipulation.  It is fascinating that you would obfuscate such a mundane issue after we granted your request for an extension to ascertain whether there is insurance coverage for not paying wages.  If you wanted to return the professional curtesy you'd stop playing games and not say absurd things (i.e. cannot sign stipulation because your client has not technically been served).  Your motion will NOT be granted.  "The notice requirement ensures that interested individuals are apprised of the pendency of a lawsuit and have a fair opportunity to decide 'whether to appear or default, acquiesce or contest.'" *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 764 (M.D. Pa. 2005) (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *see also Henderson,*

> 517 U.S. at 671–72, 116 S.Ct. 1638; *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 795–97, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983)).  Your client has received notice and a fair opportunity to decided whether to appear or default.  The misnaming of its state of origin is not grounds to successfully challenge the sufficiency of the process, it is only grounds to waste time and money.
>
> Let's be clear about what is going on here.  Your client has a huge exposure and it will be paying our attorney fees at the end of this litigation because of the nature of the claims.  If you want to waste $100,000 of their money despite how this will case will obviously end, then that is your business.  If your client would rather pay you fees than pay the wages my client loyally earned, that is their prerogative.  Paying for such extravagances (i.e. defending a losing lawsuit) certainly, however, detracts from the misinformation campaign that they are financially struggling.
>
> …
>
> We haven't the patience for parlor games trying to buy another 30 days, for what reason only you and your client know.  I am amused at your assessment of my naivete.  I am hopeful we can extend professional curtesy to one another in the future, but you and your client need to recognize this for the very serious matter that it is.
>
> …
>
> Vaughn

(Ex. A to Declaration of Counsel for National Housecheck Corporation).

Also on January 20th, Plaintiff's counsel filed a Rule 4.1 Report on Status of Service of Process representing to this Court that service of process had been effectuated and the answer or response was due January 22, 2021.  (Jan. 20, 2021, Rule 4.1 Report on Status of Service of Process [DN 4]).  Plaintiff counsel's Rule 4.1 report also represents that the misnomer is limited to the named-defendant's state of origin, but that is not correct.  As the process server noted in December,

the name is incorrect, and as the January 19, email from non-party's counsel states, the name and state of origin are incorrect:

| Complaint and Summons Name | Moving Non-Party is |
|---|---|
| National Housecheck Corporation, Inc. an Idaho business corporation | National Housecheck Corporation, a Delaware corporation. |

Contrary to Plaintiff counsel's representation to the Court, non-party National Housecheck Corporation has not been served with a complaint and summons bearing its name and, as such, service has not been effectuated. Plaintiff has not filed a complaint naming National Housecheck Corporation, nor has a summons been issued in that entity's name as required by Federal Rule of Civil Procedure Rule 4(a)(1)(B). And, being non-existent, the required complaint and summons have not been served on National Housecheck Corporation's agent authorized by appointment as required by Federal Rule of Civil Procedure 4(h)(1)(B).

In response to Plaintiff counsel's January 20, email, counsel for non-party National Housecheck Corporation tried one last time to avoid having to file a motion that could be easily avoided:

> **From:** Eric Swartz
> **Sent:** Wednesday, January 20, 2021 4:24 PM
> **To:** Vaughn Fisher <vaughn@fisherhudson.com>
> **Cc:** Chris Brown <chris@fisherhudson.com>
> **Subject:** RE: Churchman
>
> Vaughn:
>
> I am not looking for more time; I am looking to avoid wasting time. You sued an entity that does not exist. Your error goes beyond mere state of origin.
>
> I gave you the professional courtesy of letting you know so you can fix it and not delay the matter with motion practice that otherwise could be avoided. FRCP makes it real easy to fix before I appear, but far less easy afterward. Your call on how you want to handle it. Thank you.

Regards,

Eric B. Swartz
Jones & Swartz PLLC
Landmark Legal Group™
623 W. Hays St.
Boise, ID 83702
Ph. (208) 489-8989
Fax (208) 489-8988
www.jonesandswartzlaw.com

(Ex. A to Declaration of Counsel for National Housecheck Corporation).

Plaintiff's counsel did not respond and non-party National Housecheck Corporation was left with one day to prepare this motion by the January 22 deadline in order to avoid default being entered in situation where service is ineffective.

**B.     Whether the Motion to Dismiss is Granted or Service Quashed, An Award of Attorney Fees and Costs Are Appropriate**

In good faith, as a professional courtesy, and in a manner consistent with expectations of Idaho licensed attorneys, counsel for non-party National Housecheck Corporation alerted Plaintiff's counsel to the error in the complaint and asked repeatedly that Plaintiff's counsel correct the error in a manner that avoided otherwise unnecessary motion practice that would waste time and resources.  Plaintiff's counsel initially acknowledged the error and need to correct the same, but then abruptly changed course and threatened default if an appearance was not made.  Plaintiff's counsel made this present motion necessary when it could have easily been avoided by Plaintiff's counsel amending the complaint and summons – which they will have to do in light of the present motion.

Plaintiff counsel's conduct is precisely the type of conduct that 28 U.S.C. § 1927 was enacted to deter:

> Any attorney or other person admitted to conduct cases in any court
> of the United States or any Territory thereof who so multiplied the

proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Title 28, section 1927 of the United States Code has been applied in at least one other case within the Ninth Circuit where Plaintiff's counsel made the filing of a motion necessary when it otherwise could have been reasonably avoided.

In *Mikels v. ING Bank, FSB*, the defendant was not properly served with the summons and complaint and after explaining to the *pro se* plaintiffs the defects in the service, the defendant asked for a week extension to respond to the complaint. *Mikels v. ING Bank, FSB* (In re Marshall-Edward), No. 2:12-CV-1312-JAM-CMK, 2013 U.S. Dist. LEXIS 46377, at *4-5 (E.D. Cal. Mar. 29, 2013). In response, plaintiffs refused the request and informed the defendant that default was going to be taken that day. *Id.* at *5. Defendant was required to file its motion to quash as a result in order to avoid entry of default based on improper service. *Id.* The Court found that the plaintiffs acted unreasonably in denying defendant's request and increased the cost of the litigation unnecessarily. *Id.* The Court relied on 28 U.S.C. § 1927 in awarding attorney fees and costs incurred as a result of plaintiffs necessitating defendant's motion to quash. The Court's findings were subsequently adopted by the District Court Judge. *Mikels v. ING Bank*, No. 2:12-CV-1312-JAM-CMK, 2013 U.S. Dist. LEXIS 205605, at *1 (E.D. Cal. July 16, 2013).

The *pro se* plaintiffs' conduct in *Mikels* is, in some ways, more excusable than the conduct of Plaintiff counsel's conduct in the present case. *Pro se* parties may be unfamiliar with, or believe they will not be held to, the rules and standard of conduct expected of litigants. Plaintiff's counsel in this case, however, cannot make the same claim. Plaintiff counsel's abrupt shift from his January 19th email acknowledging the error and need to correct the same to his January 20th email threatening default if there an appearance by January 22nd is unreasonable. Plaintiff counsel's

unreasonable conduct left non-party National Housecheck Corporation only one day to prepare this motion to avoid default. This motion would have been unnecessary had Plaintiff's counsel simply undertaken the action that they will still need to undertake when this motion is granted – amend the Complaint and amend the summons to correct their errors. Forcing the filing of this motion unreasonably increased the cost of this litigation and Plaintiff's counsel should be held accountable for the increased cost.

## III.

## CONCLUSION

For the foregoing reasons, non-party National Housecheck Corporation's motion to dismiss should be granted, or alternatively service quashed, and Plaintiff's counsel should be ordered to personally pay the excess costs, expenses, and attorneys' fees reasonably incurred because of their unreasonable conduct.

DATED this 22nd day of January, 2021.

JONES & SWARTZ PLLC


By  /s/ Eric B. Swartz
    ERIC B. SWARTZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2021, a true and correct copy of the foregoing MEMORANDUM was served on the following individual(s) by the method indicated:

| | |
|---|---|
| Vaughn Fisher<br>Christopher Brown<br>FISHER HUDSON SHALLAT<br>950 West Bannock Street<br>Suite 630<br>Boise, ID 83702 | [  ] U.S. Mail<br>[  ] Fax: 208-514-1900<br>[  ] Hand Delivery<br>[  ] vaughn@fisherhudson.com<br>      chris@fisherhudson.com<br>      service@fisherhudson.com<br>[X] ECF |

                                                  */s/ Eric B. Swartz*
                                                  ERIC B. SWARTZ