UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| KEVIN CHURCHMAN, an individual<br><br>                    Plaintiff,<br>vs.<br><br>NATIONAL HOUSECHECK CORPORATION, a Delaware Corporation,<br><br>                    Defendant. | Case No. 1:20-cv-00560-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.    INTRODUCTION

Pending before the Court is Defendant National HouseCheck Corporation's Motion to Dismiss or Quash Service and for Award of Attorney Fees and Costs. Dkt. 5.

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court finds good cause to DENY the motion.

## II.    BACKGROUND

On December 11, 2020, Plaintiff Kevin Churchman filed a Complaint against his former employer for violation of the federal Fair Labor Standards Act ("FSLA") and the Idaho Wage Claim Act ("IWCA"). Churchman named "National HouseCheck

Corporation, Inc., an Idaho Business Corporation" as the Defendant. Apparently, no such entity exists, and Churchman's former employer's correct name is instead "National HouseCheck Corporation, a Delaware Corporation" ("HouseCheck"). Dkt. 5-1, at 9. Although he misnamed his former employer, Churchman served HouseCheck's appropriate registered agent at the time, Dennis Conforto, with the Complaint and Summons on December 19, 2020. On January 6, 2021, HouseCheck's counsel, Eric Schwartz, sent an email to Churchman's counsel, Vaughn Fisher, requesting a ten-day extension to respond to the lawsuit. Fisher granted the request by email, and extended HouseCheck's response deadline to January 22, 2021.

On January 19, 2021, Schwartz emailed Fisher and notified him of the error in misnaming HouseCheck. Although they initially attempted to resolve the issue amicably, counsel quickly reached a stalemate, with Fisher refusing Schwarz's request that he file an amended complaint, and Schwarz rejecting Fisher's proposal to solve the issue via stipulation. On January 22, 2021, HouseCheck filed the instant motion, seeking dismissal of Churchman's Complaint, or, in the alternative, that service be quashed, and arguing Fisher should be ordered to personally pay the excess costs, expenses, and attorneys' fees incurred in making the motion.

On January 28, 2021, Churchman filed an Amended Complaint correctly identifying HouseCheck. HouseCheck answered the Amended Complaint on February 19, 2021. However, HouseCheck also filed a Reply on February 26, 2021, arguing its Motion to Dismiss or Quash Service and for Award of Attorney Fees and Costs requires a decision.

MEMORANDUM DECISION AND ORDER – 2

## III. ANALYSIS

Where, as here, a plaintiff files an amended complaint as of right, the amended complaint becomes the operative pleading and any pending motion to dismiss becomes moot. *See* Fed. R. Civ. P. 15(a)(1)(B); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (cleaned up)); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."). In other words, "the original pleading no longer performs any function[.]" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Because the original Complaint is "non-existent" by virtue of the Amended Complaint, and because HouseCheck has now been properly served with the Amended Complaint, HouseCheck's request that the Court dismiss, or quash service of, the original Complaint is moot and is therefore DENIED.

Further, the Court declines to wade into the parties' dispute regarding what the other side could or should have done with respect to resolving the error in the original Complaint. After reading Schwarz's and Fisher's emails, the Court finds both sides acted unreasonably, and that this matter could have been resolved had the parties simply cooperated in good faith. HouseCheck's request for attorney's fees is accordingly DENIED.

In the future, the Court advises the parties to work together to resolve issues that need not require the Court's intervention. Resorting to motion practice under such

circumstances is a waste of both the parties' and the Court's time. Fed. R. Civ. P. 1 (the rules of federal procedure shall be "construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." (emphasis added)).

## IV. ORDER

Now, therefore, IT IS HEREBY ORDERED:

1. HouseCheck's Motion to Dismiss or Quash Service and for Award of Attorney Fees and Costs (Dkt. 5) is **DENIED**.

DATED: May 17, 2021

_____
David C. Nye
Chief U.S. District Court Judge